United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41666
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMERO CONDE-BRAVO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-461-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Homero Conde-Bravo (Conde) appeals his conviction and sentence for illegally reentering the United States after deportation. He argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Conde acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

For the first time on appeal, Conde argues that the district court erred in imposing his sentence under a mandatory guideline scheme, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005). He asserts that this court should review his claim de novo and that the error is "structural," but he concedes that under circuit precedent this court reviews the argument for plain error because he did not raise it below. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Conde concedes that he cannot show, as required by Valenzuela-Quevedo, that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have imposed a sentence below the appropriate guideline range. Thus, Conde has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error. See Valenzuela-Quevedo, 407 F.3d at 733; see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). Accordingly, Conde's conviction and sentence are AFFIRMED.